# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHALEY RENEE REAGAN,<br><br>**Plaintiff**<br><br>v.<br><br>JACKSON NATIONAL LIFE INSURANCE CO., et al.<br><br>**Defendants** | CASE NO. 1:19-CV-1417 AWI EPG<br><br>**ORDER VACATING MARCH 9, 2020 HEARING AND ORDER REMANDING MATTER TO THE FRESNO COUNTY SUPERIOR COURT**<br><br>(Doc. No. 16) |

Currently pending before the Court is Plaintiff's motion to remand. Hearing on this motion is currently set for March 9, 2020. On February 25, 2020, Defendants filed a notice of non-opposition to the motion to remand. After review, the Court finds that the motion to remand is suitable for decision without a hearing. See Local Rule 230. Therefore, the Court will vacate the March 9 hearing date and issue this order, which resolves Defendant's motion.

*Background*

On October 8, 2019, Defendant Jackson National Life Insurance Co. removed this matter from the Fresno County Superior Court on the basis of diversity jurisdiction. See Doc. No. 1. On January 14, 2020, the parties filed a stipulation to file an amended complaint that would add two defendants, Dana Baik and Jackson National Life Distributors, LLC. See Doc. No. 9. The stipulation was approved by the Magistrate Judge and the First Amended Complaint was filed on January 21, 2020. See Doc. No. 11. Summonses issued for Baik and Jackson National Life Distributors the following day. See Doc. No. 12. On February 5, 202, Plaintiff filed a motion to remand.

*Plaintiff's Motion*

Reagan argues that she is citizen of California and that Dana Baik is also a citizen of California. Because Dana Baik is now a defendant, there is not complete diversity and this case must be remanded for lack of subject matter jurisdiction.

On February 25, 2020, Defendants filed a notice of non-opposition to the remand.

*Discussion*

28 U.S.C. § 1447(e) reads: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder or permit joinder and remand the action to the State court." If diversity is the only basis for a district court's subject matter jurisdiction in a removed case, the joinder of a non-diverse defendant divests the district court of jurisdiction. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001). In a case where the district court allowed the joinder of a non-diverse defendant in a removed case, the Ninth Circuit explained:

> . . . once the non-diverse defendants were joined remand became mandatory. This is precisely the point of § 1447(e). It requires a district court either to deny joinder of non-diverse defendants or to permit joinder and remand the case to state court. A district court may not allow joinder and retain jurisdiction.

Stevens v. Brink's Home Security, Inc., 378 F.3d 944, 949 (9th Cir. 2004).

Here, Reagan obtained the consent of Jackson National Life Insurance Co. and the approval of the Court to add Baik as a defendant. There is no dispute that both Reagan and Baik are citizens of California. Because the Court's subject matter jurisdiction is based on diversity only, the Court is under a mandatory duty to remand this case to the Fresno County Superior Court. See 28 U.S.C. § 1447(e); Stevens, 378 F.3d at 949; Morris, 236 F.3d at 1068.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The March 9, 2020 hearing on Plaintiff's motion to remand is VACATED;
2. Pursuant to 28 U.S.C. § 1447(e), Plaintiff's motion to remand (Doc. No. 16) is GRANTED;

3. This matter is REMANDED forthwith to the Fresno County Superior Court; and

4. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated: March 2, 2020

_____
SENIOR DISTRICT JUDGE